UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS K., <br><br>                              Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>                              Defendant. | Case No.:  3:20-cv-00515-AHG <br><br> **ORDER:** <br><br> **(1) GRANTING DEFENDANT'S MOTION TO REMAND;** <br>**[ECF No. 19]** <br><br> **(2) DENYING DEFENDANT'S MOTION TO MODIFY BRIEFING SCHEDULE;** <br>**[ECF No. 30]** <br><br> **(3) DENYING PLAINTIFF'S MOTION TO SUBMIT INFORMATION REGARDING HIS FOIA REQUEST.** <br>**[ECF Nos. 26, 27]** |

Before the Court are three motions:

1. Defendant Kilolo Kijakazi's ("Defendant" or "Commissioner") Motion to Remand (ECF No. 19);

2. Plaintiff Kris K.'s ("Plaintiff") Amended Motion to Submit Information

regarding Plaintiff's Freedom of Information Act ("FOIA") Request Status (ECF No. 27); and

3. Defendant's Motion to Modify Briefing Schedule as to Plaintiff's FIOA motion (ECF No. 30).

The Court will address each in turn.

## I. **DEFENDANT'S MOTION TO REMAND**

Upon review of the docket (*see* ECF Nos. 9, 10), the Court found good cause to hold a status conference on June 28, 2022. ECF Nos. 16, 17. During the conference, Defendant's counsel represented to the Court that there are missing portions of the Administrative Record ("AR"), namely the transcript of the hearing, which render it impossible to submit a Certified Administrative Record. Plaintiff believed he had a copy of the missing hearing transcript, and offered to send it to Defendant's counsel for assessment of whether it was indeed the missing portion of the AR. Upon review, the document Plaintiff presented was not the missing portion of the AR. Therefore, the Court issued an order to show cause regarding Defendant's failure to file the AR. *See* ECF No. 18 (referencing Civil Local Rule 7.1(e)(6)(d), which states that the "certified administrative record filed by the Social Security Administration will suffice as the agency's answer to the complaint, and will be due sixty (60) days after service of the summons and complaint, unless a motion to dismiss is filed."). In response to the order to show cause, Defendant filed a motion to remand on July 8, 2022. ECF No. 19. Plaintiff filed his opposition on August 4, 2022. ECF No. 23. Defendant submitted on the papers in lieu of a reply on August 12, 2022. The Court vacated the August 19, 2022, videoconference motion hearing, finding that this matter is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). ECF No. 25. This order follows.

### A. Parties' Positions

Defendant represents that she has not located the hearing transcript referenced in the ALJ's opinion. ECF No. 19 at 6; *see id*. at 6 n.1; ECF No. 17. Defendant contends that the hearing testimony is critical to the analysis and resolution of this case, and without the

transcript, the case should be remanded for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), so the agency can locate the transcript, re-transcribe the hearing, or conduct a *de novo* hearing. ECF No. 19 at 6–7. Defendant argues that the Court should not enter default because of the gaps in the records, which preclude adjudication on the merits at this juncture. *Id*. at 7.

Plaintiff highlights that sentence six of 42 U.S.C. § 405(g) states that a court may, not must, remand the case back to the Commissioner before the answer has been filed. ECF No. 23 at 2. Plaintiff asks this Court to use its discretion to deny Defendant's motion. *Id*. Plaintiff argues that Defendant did not continue searching for the missing transcript after the June 28 status conference, and therefore did not make full effort to compile the AR, because Defendant's counsel notified Plaintiff 30 minutes after the conference concluded that she would be seeking a remand. *Id*. at 3; *but see id*. at 7 (email to Plaintiff from Ms. Naicker at 1:29 PM the day of the 11:30 AM status conference). Plaintiff, therefore, argues that Defendant's actions have been in bath faith. *Id*. at 4. Plaintiff contends that default judgment should be entered against Defendant, because there is ample evidence to establish his claim even with the missing transcript. *Id*. at 5. In addition to seeking default judgment[1] against Defendant, Plaintiff requests sanctions levied against Defendant and for the Court to "then assign a new ALJ for a new hearing in San Diego." *Id*. at 6.

**B. Legal Standard**

Section 405(g) contemplates two types of remands: a sentence four remand or a sentence six remand. Sentence four states:

---

[1] The Ninth Circuit has explained that "[o]ur starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Further, here, Plaintiff has not met his burden to obtain default judgment, so the Court will not address it further. *See Assaf v. Carp*, No. SACV-17-1883-CJC-GJSx, 2018 U.S. Dist. LEXIS 239720, at *3 (C.D. Cal. June 5, 2018) ("On a motion for default judgment, Plaintiffs carry the burden of proving up their damages and requests for other relief. … detailed affidavits and supporting exhibits are required to prove up that amount.").

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). In contrast, in a remand under sentence six, the "court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullian*, 501 U.S. 89, 97–98 (1991). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297, n.2 (1993). Specifically, sentence six states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

In the first situation, where the Commissioner requests a remand before answering the complaint, the court must find "(1) a motion of the Commissioner (2) made for good cause shown (3) before the filing of an answer." *Salce v. Acting Comm'r of Soc. Sec.*, No. No. 21-cv-7261-KMK-AEK, 2022 WL 2532191, at *2 (S.D.N.Y. Apr. 18, 2022) (quoting *Dempsey v. Astrue*, No. 09-cv-6023-CJS, 2010 WL 827293, at *1 (W.D.N.Y. Mar. 4, 2010)). An example of good cause for "[a] sentence six remand is … when procedural

difficulties, such as an inaudible hearing tape, incomplete record, or a lost file, necessitate a request for remand by the Commissioner." *Gross v. Comm'r of Soc. Sec.*, No. 3:21-cv-526-SRU, 2021 U.S. Dist. LEXIS 155460, at *1–2 (D. Conn. Aug. 18, 2021).

**C. Discussion**

Here, the Commissioner filed the instant motion to remand before filing an answer, so the Court will determine whether good cause has been shown. Defendant represents that she has not located the hearing transcript referenced in the ALJ's opinion. ECF No. 19 at 6; *see id*. at 6 n.1; ECF No. 17. Based on the representations of Defendant's counsel at the June 28, 2022, status conference and in the instant motion, the Court finds that full efforts have not been made to compile the administrative record. *See* ECF Nos. 17, 18. Nonetheless, the administrative record is incomplete and the Court is otherwise unable to decide the appeal. *See also Leon v. Berryhill*, 880 F.3d 1041, 1045–46 (9th Cir. 2017) (even if the court finds error, "the second step of the credit-as-true analysis requires us to determine whether the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps. [] When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary.") (internal citations omitted).

Although the Court expresses its concern as to Defendant's efforts to obtain the missing transcript, the Court also recognizes that a lost transcript constitutes good cause under sentence six. *See Salce*, 2022 WL 2532191, at *2 (collecting cases[2] where courts

---

[2] The legislative history of § 405(g) also supports this conclusion. The joint conference committee of Congress, in reporting on the Social Security Disability Amendments of 1980, stated:

> There are sometimes procedural difficulties which prevent the [Commissioner] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where

found good cause to remand pursuant to sentence six when the Commissioner misplaced portions of the record); *see, e.g.*, *Dempsey*, 2010 WL 827293, at *1 ("missing or inaudible portions of the hearing constitutes 'good cause'"); *Sucharski v. Astrue*, No. 08-C-0284, 2008 WL 2367097, at *1 (E.D. Wisc. June 9, 2008) ("Loss of a hearing tape constitutes good cause for a sentence six remand"); *Montero v. Astrue*, No. 07-cv-1704-MRK-WIG, 2008 WL 918456 (D. Conn. Mar. 26, 2008) ("the Commissioner's inability to locate the record constitutes good cause for remanding the matter so that the record can be located or a new hearing held before the ALJ.").

Therefore, finding good cause shown, the Court **GRANTS** Defendant's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). ECF No. 19. However, to ensure that the case does not stall, the Court **ORDERS** that the matter be remanded for an expedited *de novo* hearing if the hearing transcript is not located by November 14, 2022. *See, e.g.*, *Sucharski*, 2008 WL 2367097, at *1 (granting sentence six remand and ordering that a new hearing be conducted if the hearing tape was not found within 30 days); *McCullough v. Apfel*, 95 F. Supp. 2d 956, 957, 659–60 (S.D. Ind. 2000) (noting that the "Commissioner's standard practice in such a situation is simply to wait, making no meaningful affirmative efforts to find the missing file, for a period of six to eight months," and recommending that courts take appropriate steps to "ensure that the case actually receives reasonably prompt attention from the Commissioner," upon consideration of the Commissioner's argument that it should not be sanctioned for the one-year delay in locating the hearing tape after the sentence six remand because the "the remand order 'does not mandate that there be any specific proceeding of any kind'" since it was remanded "for further action by the Commissioner").

---

> the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the courts may review[.]

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Further, because the remand is pursuant to sentence six, this Court retains jurisdiction and no final judgment will be entered with this order. *Melkonyan*, 501 U.S. at 98, 101–02; *Carrol v. Sullivan*, 802 F. Supp. 295, 300 (C.D. Cal. 1992) ("a sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of the jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment … is therefore always interlocutory and never a 'final' judgment.") (paraphrasing and quoting from *Melkonyan*); *accord Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) ("The 'principal feature' that distinguishes the two types of remands is that in a sentence-four remand, the district court disposes of the action by a final judgment and relinquishes jurisdiction, whereas in a sentence-six remand, the district court retains jurisdiction over the action pending further development by the agency. [] A sentence-four remand is therefore appealable, [] while a sentence-six remand is considered interlocutory and thus non-appealable.") (internal citations omitted). However, while retaining jurisdiction, this Court **ORDERS** that this case be administratively closed, subject to reopening at the request of either party upon the completion of the proceedings on remand, at which time the Commissioner will be obligated to file a certified administrative record. *See Salce*, 2022 WL 2532191, at *2 (collecting cases where courts remanded pursuant to sentence six when the Commissioner misplaced portions of the record and directed the administrative closing of the case pending the completion of the proceedings on remand and preparation of a certified administrative record).

## II. DEFENDANT'S MOTION TO MODIFY BRIEFING SCHEDULE AS TO PLAINTIFF'S FOIA MOTION

On September 13, 2022, Plaintiff filed a motion to submit information regarding his FOIA request status. ECF Nos. 26, 27. Although Plaintiff failed comply with this district's Civil Local Rules by not obtaining a hearing date from this Court prior to filing his motion (*see* CivLR 7.1(b); CivLR 7.1(f)(1)), the Court used its discretion to accept Plaintiff's filing and set a briefing schedule, requiring that Defendant file her opposition by

1  September 26, 2022, and permitting Plaintiff to file a reply by October 3, 2022. ECF No.
2  29 at 1–2. On September 26, 2022, Defendant filed a motion to modify the briefing
3  schedule, requesting that her response be due on October 26, 2022. ECF No. 30. Plaintiff
4  opposes the motion. ECF No. 31.

5        A party seeking to modify the scheduling order must demonstrate good cause. FED.
6  R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may,
7  for good cause, extend the time"); Chmb.R. at 2 (stating that any request for continuance
8  requires "[a] showing of good cause for the request"). Courts have broad discretion in
9  determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*,
10 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012
11 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that
12 has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon
13 Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on
14 the diligence of the party seeking to amend the scheduling order and the reasons for seeking
15 modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving
16 party's reasons for seeking modification. . . . If that party was not diligent, the inquiry
17 should end.") (internal citation omitted).

18       Here, Defendant represents that counsel has been on intermittent leave following a
19 family emergency. ECF No. 30 at 2. Counsel has been taking care of her mother following
20 an emergency surgery. *Id.* Additionally, Defendant represents that counsel has 75 active
21 cases and three dispositive motions due in mid-October. *Id.* Plaintiff opposes Defendant's
22 extension request, citing undue delay and rearguing the merits of his original motion. ECF
23 No. 31 at 1–2.

24       Upon due consideration, the Court finds that Defendant has shown good cause to
25 extend the briefing schedule. However, in its discretion, to avoid delay, the Court **DENIES**
26 Defendant's motion for extension and takes Plaintiff's FOIA motion under submission
27 without an opposition.
28 / /

### III. PLAINTIFF'S AMENDED MOTION TO SUBMIT INFORMATION REGARDING PLAINTIFF'S FOIA REQUEST STATUS

On September 13, 2022, Plaintiff filed an amended[3] motion to submit information regarding his FIOA request status. ECF No. 27. In his motion, Plaintiff alleges that "Defendant has not provided anything at all to Plaintiff's FOIA request." ECF No. 27 at 2. Plaintiff argues that, on July 12, 2022, he submitted a FOIA request for the certified administrative record and "any and all communications between the SSA and the Court Case Preparation and Review Branch," to no avail. *Id*. at 1; *see also* ECF No. 31 (Plaintiff's opposition to Defendant's request for briefing schedule extension, where he notes that "after almost 3 months the Defendant has not responded to the Plaintiff's FOIA request, which is 'under agency review' with absolutely nothing provided."). Plaintiff seeks sanctions and default judgment be entered against Defendant. ECF No. 27 at 2; ECF No. 31 at 2.

Here, the Court finds that it does not have jurisdiction to address Plaintiff's FOIA motion on the merits, as both sides have not consented regarding FOIA. On April 12, 2019, this district issued General Order No. 707. S.D. CAL. GENERAL ORDER NO. 707, *General Consent to United States Magistrate Judge in Social Security Cases*, https://www.casd.uscourts.gov/_assets/pdf/rules/GO%20707.pdf (Apr. 12, 2019). General Order No. 707 states that, "in all cases in which a plaintiff seeks review, pursuant to 42 U.S.C. § 405(g), of a decision by the Commissioner of Social Security," …. "[t]he United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature" and "if a plaintiff timely consents, and if the United States does not timely withdraw consent, the case will be deemed assigned to the Magistrate Judge for all purposes[.]" *Id*. On March 31, 2020, pursuant to General Order No. 707, Plaintiff timely consented to Magistrate Judge Ruth Bermudez Montenegro's jurisdiction. ECF No. 4.

---

[3] Earlier the same day, Plaintiff filed his original motion. ECF No. 26. Upon comparison, the two motions are identical. Thus, the Court **DENIES AS MOOT** ECF No. 26.

Judge Montenegro was confirmed by the U.S. Senate as a District Judge and, on March 31, 2021, the case was transferred to the undersigned. ECF No. 11. In light of the transfer, and the original consent being specific to Judge Montenegro, Plaintiff filed a new consent form, specifically consenting to Judge Goddard. ECF Nos. 12, 13. This operative consent form states: "[p]ursuant to General Order 707, United States Magistrate Judge Allison H. Goddard has been randomly assigned to 20-cv-00515-AHG. The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature. Plaintiff must complete the consent/declination portion of this form below." ECF No. 13; *see* GO 707 ("cases of this nature" referring to "all cases in which a plaintiff seeks review, pursuant to 42 U.S.C. § 405(g), of a decision by the Commissioner of Social Security"). The Court therefore construes its jurisdiction in this case to be constrained to plaintiff's original cause of action—seeking judicial review of the Commissioner's decision—to which both sides consented, and that it would not extend to a related FOIA case. *See Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (finding Magistrate Judge lacked jurisdiction when unserved defendants had not consented); *Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) (consent "is the touchstone of magistrate judge jurisdiction."). Therefore, Plaintiff's FOIA motion is **DENIED**, as Plaintiff's complaints regarding Defendant's non-response to Plaintiff's FOIA request should be filed as a separate civil action, with a new case number, served on the correct parties.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court **ORDERS** the following:

1. Defendant Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (ECF No. 19) is **GRANTED**. To ensure that the case does not stall, the Court **ORDERS** that the matter be remanded for an **expedited *de novo* hearing and a new ALJ decision** if the hearing transcript is not located by <u>**November 14, 2022**</u>. Because the remand is pursuant to sentence six, this Court retains jurisdiction and no final judgment will be entered with this order. However, while retaining jurisdiction, this Court **ORDERS** that this case be

  **administratively closed**, subject to reopening at the request of either party upon the completion of the proceedings on remand, at which time the Commissioner will be obligated to file a certified administrative record.

2. Defendant's Motion to Modify Briefing Schedule as to Plaintiff's FOIA motion (ECF No. 30) is **DENIED**;

3. Plaintiff's Motion to Submit Information regarding Plaintiff's FOIA Request Status (ECF No. 26) is **DENIED AS MOOT**; and

4. Plaintiff's Amended Motion to Submit Information regarding Plaintiff's FOIA Request Status (ECF No. 27) is **DENIED**. If Plaintiff wishes to pursue his FOIA claim, Plaintiff's complaints regarding Defendant's non-response to Plaintiff's FOIA request should be filed as a separate civil action, with a new case number, served on the correct parties.

**IT IS SO ORDERED.**

Dated: October 18, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge